UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMARCUS J. GRAHAM,<br><br>         Petitioner,<br><br>    v.<br><br>RON VAN BOENING[1],<br><br>         Respondent. | Case No.  C07-5532 RJB/KLS<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 21, 2008** |

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Petitioner challenges a decision of the Washington Department of Corrections not to release him on his earned early release date to a term of community custody. (Dkt. # 12, p. 6).  Respondent has filed an answer (Dkt. # 9) and submitted relevant portions of the state court record (Dkt. # 10).  This matter is ripe for review.  Upon review, it is the Court's

---

[1] The habeas corpus petition incorrectly identified the Respondent as "Ron Borning." The Superintendent of the McNeil Island Corrections Center is Ron Van Boening.

REPORT AND RECOMMENDATION
Page - 1

recommendation that the petition be dismissed without prejudice as Petitioner has failed to properly exhaust his claim.

## I. BASIS OF CUSTODY

When Mr. Graham filed his Petition in September 2007, he was confined at the McNeil Island Corrections Center pursuant to his conviction for violation of a protection order. (Dkt. # 12, p. 1). He, therefore, satisfied the "in custody" requirement for subject matter jurisdiction under 28 U.S.C. § 2254(a).

## II. STATEMENT OF THE CASE

Mr. Graham does not challenge his conviction or sentence imposed by the state court, but alleges that the Department of Corrections unlawfully imprisoned him past his earned early release date. (Dkt. # 12, p. 6). Mr. Graham has not challenged DOC's action in state court. Since the filing of his Petition, DOC has released Mr. Graham from prison to serve his term of community custody. (Dkt. # 10, Exh. 1; Exh. 2).

## III. ISSUE

Petitioner presents this Court with one ground for habeas corpus relief: "Unlawful imprisonment, in violation of due process."  (Dkt. # 12, p. 6).

## IV. EXHAUSTION OF STATE REMEDIES

In order to satisfy the exhaustion requirement, Petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

As is more fully discussed below, Petitioner failed to fully and fairly exhaust his habeas corpus grounds for relief on a federal constitutional basis to the Washington courts.

REPORT AND RECOMMENDATION
Page - 2

## V. EVIDENTIARY HEARING

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford*, 306 F.3d 665, 688 (9th Cir. 2002). The petitioner bears the burden of showing the need for a hearing. *Pulley v. Harris*, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 465 U.S. 37 (1984); *Baja v. Ducharme*, 187 F.3d 1075 (9th.Cir. 1999). A hearing is not required if the claim presents a purely legal question, or if the claim may be resolved by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), *cert. denied*, 114 S. Ct. 2125 (1994).

The question of whether Mr. Graham exhausted his claim is a purely legal one that may be resolved by reference to the record before this Court. Accordingly, an evidentiary hearing is not required.

## VI. STANDARD OF REVIEW

This Court's review of Mr. Graham's claim is governed by 28 U.S.C.§ 2254(d)(1) and (d)(2). Thus, the Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his grounds for review was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(c) and (d)(1). The Supreme Court holdings at the time of the state court decision will provide the "definitive source of clearly established federal law[.] *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), *overruled in part on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). A state-court decision is contrary to clearly established precedent if it "applies a rule that contradicts the governing law set forth in " a Supreme Court decision, or "confronts a set of facts that are materially indistinguishable" from such a decision and nevertheless arrives at a different result. *Early v. Packer*, 537 U.S. 3 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

REPORT AND RECOMMENDATION
Page - 3

The Supreme Court has also held that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Therefore, a federal court may not overturn a conviction simply because the state court misinterprets state law. *See id*. at 605; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

## VII.  DISCUSSION

### A.     Mootness of Claim

Respondent contends that Mr. Graham's claim that the DOC unlawfully imprisoned him past his early release date is now moot because the Department has since released Mr. Graham from confinement. (Dkt. # 9, p. 4).

Mootness can arise at any stage of litigation. *Steffel v. Thompson*, 415 U.S. 452, 459, n. 10 (1974). The federal courts may not "give opinions upon moot questions or abstract propositions." *Mills v. Green*, 159 U.S. 651, 653 (1895). The Court should dismiss a claim as moot when, by virtue of an intervening event, the Court "cannot grant 'any effectual relief whatever' in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996).

A petition challenging a conviction does not become moot simply because the petitioner is released from confinement on that conviction. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).  However, where the petition challenges only the sentence or a provision of the sentence, and not the underlying conviction, the petitioner's release from confinement moots the petition. *Id*.; see also *Burnett v. Lampert*, 432 F.3d 996 (9th Cir. 2005) (challenge to parole revocation rendered moot by subsequent parole and reconfinement).

The petition in this case challenges only the DOC's decision not to release Mr. Graham on his earned early release date. The DOC has since released Graham from confinement. (Dkt. # 10,

REPORT AND RECOMMENDATION
Page - 4

Exhs. 1, 2).

As the Court may no longer grant effectual relief since Mr. Graham is no longer under the allegedly unlawful imprisonment challenged by his petition, the undersigned agrees that this renders his petition moot.

**B.     Petitioner's Claims Are Procedurally Barred**

Respondent also argues that Mr. Graham's claim must be dismissed because he has failed to exhaust his state remedies.

A state prisoner must exhaust state remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. *Granberry v. Greer*, 481 U.S. 129, 134 (1987). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993), *cert. denied*, 513 U.S. 935 (1994). The exhaustion doctrine is based upon comity, not jurisdiction. *Rose v. Lundy,* 455 U.S. 509, 518 (1982). It is the petitioner's burden to prove that a claim has been properly exhausted and is not procedurally barred. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

A claim must be "fully and fairly" presented to the state's highest court so as to give the state courts a fair opportunity to apply federal law to the facts. *Anderson v. Harless*, 459 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270, 276-78 (1971). The petitioner must present the claims to the state highest court, even where such review is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

Mr. Graham has not properly exhausted his available state remedies because he did not present his claim to the Washington courts. The petition indicates that Mr. Graham never presented his claims to the state courts, either in an appeal or collateral challenge.  (Dkt. # 12, pp. 3-6). Respondent can find no record of Graham presenting the claim to the state courts. (Dkt. # 9, p. 5; Dkt. # 10).

REPORT AND RECOMMENDATION
Page - 5

As the record reflects that Mr. Graham has not exhausted his claim, the undersigned recommends that the petition be dismissed without prejudice.

## VIII.  CONCLUSION

Based on the foregoing discussion, the Court should **dismiss the petition without prejudice.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 21, 2008,** as noted in the caption.

DATED this  4th   day of March, 2008.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge